DUFRESNE, Judge.
Plaintiff, Martin Babin, (Babin) filed this tort action against the State of Louisiana, through the Department of Transportation and Development (DOTD) seeking damages for bodily injuries sustained when his vehicle ran off Louisiana Highway 643 in St. John the Baptist Parish. Babin was seriously injured on June 8, 1986, when he failed to negotiate his vehicle at a curve. This lawsuit was filed because Babin alleged that DOTD negligently failed to post *1206 a curve sign at the accident site; established a speed limit which was too slow and constructed a shoulder off the curve which was too narrow and soft.
The district court judge found that “the sole proximate cause of the accident ... was the negligent operation of the vehicle driven by Martin Babin.” The court considered the possibility of comparative negligence, but rejected it. We agree, and affirm. We find no manifest error in the trial court’s decision. Canter v. Koehring, 283 So.2d 716 (La.1973).
Babin has appealed contending the trial court erred when it rejected his allegations. Babin argues that DOTD was negligent when it failed to properly post a curve sign, which at least contributed to his accident. Furthermore, DOTD failed to conduct a traffic engineering study to determine a proper speed limit for La. Highway 643 after its surface was changed from a shell, dirt road to a black-topped roadway and to adequately construct a shoulder.
La. Highway 643 is a two lane black-top road which runs for about three miles from Vacherie to a community of about 75 homes located on Lake Des Allemands. Thte highway is known locally as Pleasure Bend Road and the speed limit in the community is 25 mph and 35 mph along the remainder of the road. Driving from the village towards Vacherie, there, is a straight portion of the road about 3/ioths of a mile; then a shallow curve; then another straight portion of the road %oths of a mile before the curve that was the scene of this accident. The remainder of the road to the St. James Parish line has numerous other curves.
According to expert testimony, there was no curve sign before the curve where this accident occurred because with a speed limit of 35 mph a curve sign is not required. The surrounding terrain is wooded swamp and sugar cane fields.
Babin's traffic and roadway experts testified that a speed limit of 35 mph on Highway 643 at the time of this accident as it preceded the subject curve was unreasonable and would be met with almost total non-compliance. Babin argues that DOTD should have conducted spot speed checks and an engineering study to determine the proper and reasonable speed on this roadway.
Babin’s primary contention is that a curve sign was needed before the scene of the accident because the posted speed limit was too slow for this roadway. DOTD introduced evidence which demonstrated the critical speed of the curve, i.e., the speed in which the curve can be driven without losing control of a vehicle, was 55-60 mph. DOTD experts testified that Babin attempted to negotiate the curve while driving in excess of 55-60 mph. The trial judge concluded this conduct was the cause in fact of the accident.
Babin’s experts and DOTD’s experts agreed that the curve was safe to drive at 35 mph and that State and Federal highway guidelines do not require a curve sign. DOTD’s expert testified that had Babin been driving 35 mph, the accident would never have occurred. In fact, the experts agreed that the highway standards have a built-in safety factor of about 10 mph that enables persons to drive curves faster than posted speeds.
This accident occurred on a clear, dry Sunday morning with visibility of the curve seen one-quarter of a mile away.
It is clear from the record that the curve where this accident occurred was safe to drive at 35 mph and at that speed State and Federal highway standards do not require a curve sign. We are convinced that DOTD was not negligent for establishing and maintaining the 35 mph speed limit at this curve. It is also clear from the record, that Babin . attempted to negotiate the curve at an excessive rate of speed. The curve was not dangerous, it was Babin’s driving which was dangerous. Accordingly, for the above reasons, we affirm this decision of the trial court.
AFFIRMED.